IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN R. HARMS,

          Petitioner,

    v.                                CASE NO.  09-3274-SAC

JOHNNIE GODDARD,
Warden, et al.,

          Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254, by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas.  Petitioner has also filed a Motion to Proceed Without Prepayment of Fees (Doc. 2) including financial documents indicating it should be granted.

Mr. Harms was convicted in Finney County District Court, Garden City, Kansas, upon his pleas of no contest, of 2 counts of Attempted Aggravated Robbery.  On October 16, 2006, he was sentenced to a prison term of 128 months.  He directly appealed only his sentence to the Kansas Court of Appeals (KCOA), which affirmed in part and dismissed in part on April 25, 2008.  He sought review by the Kansas Supreme Court, which was denied on September 22, 2008.

On June 25, 2009, Mr. Harms filed a Motion to Correct Illegal Sentence pursuant to K.S.A. 22-3504.  The district court denied this motion without a hearing on June 29, 2009.  Petitioner appealed the denial to the KCOA, and that appeal, in which Mr. Harms is represented by appointed counsel, is currently pending.

On June 29, 2009, Mr. Harms filed a state habeas petition pursuant to K.S.A. 60-1507, which he alleges is "currently pending a response from the district court."

As Ground 1 for his federal Petition, Mr. Harms claims that his plea agreement was breached. He acknowledges that he did not raise this issue on direct appeal, and that this claim has been presented at the district court level only in his pending 60-1507 motion, where he is awaiting a decision.

As Ground 2, Mr. Harms asserts an "Apprendi violation". This claim is raised in petitioner's 60-1507 petition, which is currently pending a district court decision. Petitioner also alleges that he raised this claim in his direct appeal.

As Ground 3, Mr. Harms claims an "ex post facto" violation. As with ground 2, he alleges this claim is raised in his pending 60-1507, and was raised on direct appeal.

**EXHAUSTION OF STATE COURT REMEDIES**

28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly

presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Mr. Harms' allegations clearly indicate and acknowledge that he has not fully exhausted his state court remedies on all claims raised in his federal Petition. The court concludes that state court remedies have not been exhausted on all petitioner's claims; and this action should be dismissed, without prejudice, as a result.

**MOTION FOR STAY AND ABEYANCE**

In addition to acknowledging his lack of exhaustion, Mr. Harms alleges facts indicating his awareness of the one-year statute of limitations for federal habeas corpus petitions, 28 U.S.C. § 2244, and the statutory provision that tolls the limitations period during the pendency of pertinent state post-conviction actions. However, he states that he "wants to honor the actual deadline of December 21, 2009", and "follow-up with an amended 2254 after all issues have been exhausted." He also alleged in his Petition that to meet his "actual deadline" of December 21, 2009[1], he "held it necessary to file present 2254." On this basis, he moves for "Stay and Abeyance" of this federal Petition.

The court finds the facts alleged by Mr. Harms do not show that a stay and abeyance is warranted in this case. The stay and abeyance process is appropriate where an outright dismissal could

---

[1] Petitioner is reminded that his tolling-type state actions have apparently extended the "deadline" for his filing of a federal habeas corpus petition.

3

jeopardize the timeliness of a petitioner's collateral attack in federal court. The Supreme Court warned in <u>Rhines</u> that a stay and abeyance of habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA. Thus, the Supreme Court recommended a stay where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics[2]." <u>Rhines</u>, 544 U.S. at 277, 278. Petitioner does not even attempt to allege facts establishing the <u>Rhines</u> factors. The facts he does allege, taken as true for purposes of deciding this motion, indicate he has sufficient time to file his federal habeas Petition once he has exhausted his tolling state court remedies. Since he has already prepared his federal Petition, it should be a simple matter for him to resubmit it as a new case with updated exhaustion information once he has fully exhausted state court remedies on all his claims. The pleadings he has filed in this case indicate that he is capable of proceeding diligently to preserve his right to federal habeas corpus review. He is cautioned to remain apprised of his pending state court proceedings.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, for failure to exhaust state court remedies on all the claims raised in the Petition.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted; and his Motion for

---

[2] The Court notes there is no evidence in the current record suggesting Mr. Harms has engaged in "intentionally dilatory litigation tactics", quite to the contrary.

4

Stay and Abeyance (Doc. 4) is denied.

**IT IS SO ORDERED**.

Dated this 14th day of January, 2010, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge